ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| **DAN CHARLES BELSKY, KAREN LIZBETH LÓPEZ Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS**<br><br>**APELADA**<br><br>v.<br><br>BANCO POPULAR DE PUERTO RICO, **MILAGROS CUEVAS TORRES INC.**, RICARDO RANGEL RIVERA, ZAIDA IRIS DÁVILA HERNÁNDEZ, COMPAÑÍA DE SEGURO XYZ<br><br>**APELANTE** | TA2026AP00497 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.: LU2024CV00223<br><br>Sobre: Daños y perjuicios |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de mayo de 2026.

Comparece ante nos Milagros Cuevas Torres, Inc. (en adelante, la parte apelante o MCT) mediante un recurso de *Apelación Civil* presentado el 14 de mayo de 2026 y solicita que revoquemos la *Sentencia* dictada por el Tribunal de Primera Instancia, Sala Superior de Fajardo (en adelante, TPI o foro primario), el 20 de abril de 2026 y notificada al día siguiente. Mediante el referido dictamen, el foro primario declaró Ha Lugar la *Demanda* presentada por Dan Charles Belsky, Karen Lizbeth López y la Sociedad Legal de Bienes Gananciales compuesta por ambos (en adelante, la parte apelada o señores Belsky-López) y condenó a la parte apelante a pagar solidariamente la suma de $115,041.59 más $150,000.00 en daños.

Por los fundamentos que exponemos a continuación, ***desestimamos*** el recurso de epígrafe por falta de jurisdicción.

**I**

El 22 de noviembre de 2024, la parte apelada presentó una *Demanda*[1] sobre daños y perjuicios contra la parte aquí apelante, Banco Popular de Puerto Rico y el Lcdo. Ricardo Rangel Rivera. Posteriormente, el 4 de febrero de 2025, presentó una *Segunda Demanda Enmendada*[2] mediante la cual incluyó como codemandada a la señora Zaida Iris Dávila Hernández (en adelante, señora Dávila Hernández).

Más adelante, el 3 de noviembre de 2025, la parte apelada presentó una *Moción Solicitud de Anotación de Rebeldía Regla 45.1*[3] contra la señora Dávila Hernández. Así las cosas, el 19 de noviembre de 2025, el TPI emitió una *Orden*[4] anotándole la rebeldía a la referida parte.

Tras varios incidentes procesales, el 27 de enero de 2026, la parte apelante presentó una *Moción de Sentencia Sumaria*[5] solicitando la desestimación de la demanda en su contra. Por su parte, el 2 de febrero de 2026, la parte apelada presentó una *Oposición a la Sentencia Sumaria de MCT y para que se dicte Sentencia Sumaria a Favor de la Parte Demandante*[6]. Tanto MCT como los señores Belsky-López presentaron réplica y dúplica a dichas mociones.[7]

Luego de considerar los escritos de ambas partes, el foro primario emitió *Sentencia*[8] el 20 de abril de 2026, notificada el 21 de abril de 2026, mediante la cual declaró Ha Lugar la reclamación presentada por la parte apelada y ordenó a MCT y a la señora Dávila Hernández responder solidariamente por las partidas concedidas.

---

[1] Entrada Núm. 1 del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del TPI.
[2] Entrada Núm. 27 del SUMAC del TPI.
[3] Entrada Núm. 101 del SUMAC del TPI.
[4] Entrada Núm. 102 del SUMAC del TPI.
[5] Entrada Núm. 110 del SUMAC del TPI.
[6] Entrada Núm. 114 del SUMAC del TPI.
[7] Entradas Núm. 116 y 118 del SUMAC del TPI.
[8] Entrada Núm. 120 del SUMAC del TPI.

El 6 de mayo de 2026, la señora Dávila Hernández compareció por primera vez ante el foro primario, "de manera especial y sin someterse a la jurisdicción", mediante una *Segunda Moción Solicitando Reconsideración y/o Relevo de Sentencia*[9], mediante la cual solicitó la reconsideración de la *Sentencia* emitida.

En cumplimiento con la orden del tribunal para que la parte apelada se expresara en torno a la solicitud de reconsideración presentada por la señora Dávila Hernández, el 13 de mayo de 2026, los señores Belsky-López presentaron una *Oposición a la Reconsideración y/o el Relevo de Sentencia Final y Firme de Dávila Hernández*[10].

El 14 de mayo de 2026 —antes de que el foro primario emitiera una determinación respecto a la referida moción de reconsideración y su oposición— la parte apelante presentó ante este Tribunal el recurso de epígrafe mediante el cual formula los siguientes señalamientos de error:

**PRIMER ERROR**: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DICTAR SENTENCIA SUMARIA A FAVOR DE LA PARTE DEMANDANTE AUN CUANDO ESTA NO CUMPLIÓ CON LOS REQUISITOS DE LA REGLA 36 DE PROCEDIMIENTO CIVIL.

**SEGUNDO ERROR**: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE MCT FUE NEGLIGENTE AÚN ANTE LA INEXISTENCIA DE PRUEBA QUE DEMOSTRARA CÓMO MCT SE DESVIÓ DEL ESTÁNDAR PROFESIONAL APLICABLE.

**TERCER ERROR**: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR LA EXISTENCIA DE UN DEBER DE MCT PARA CON LOS DEMANDANTES AUN CUANDO ESTOS NO SOLICITARON SUS SERVICIOS Y TAMPOCO DESCANSARON EN EL ESTUDIO DE TÍTULO REALIZADO POR MCT.

**CUARTO ERROR**: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE EXISTE UN NEXO CAUSAL ENTRE EL DAÑO ALEGADO POR LOS DEMANDANTES Y EL ESTUDIO DE TÍTULO REALIZADO POR MCT.

**QUINTO ERROR**: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE NO SE CONFIGURÓ LA DOCTRINA DE CAUSA INTERVENTORA AUN CUANDO CONCLUYÓ QUE LA CAUSA EFICIENTE DEL DAÑO FUE EL DOLO EMPLEADO POR LA VENDEDORA Y CODEMANDADA, SRA. DÁVILA, EN EL

---

[9] Entrada Núm. 124 del SUMAC del TPI.
[10] Entrada Núm. 132 del SUMAC del TPI.

PROCESO DE COMPRAVENTA Y ACTO DE COMPRAVENTA DE LA PROPIEDAD.

**SEXTO ERROR**: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL IMPONERLE UN 50% DE NEGLIGENCIA A MCT Y OBLIGARLE A RESPONDER SOLIDARIAMENTE POR LA CANTIDAD DE $115,041.59 QUE LOS DEMANDANTES PAGARON PARA SALDAR LA DEUDA HIPOTECARIA DE LA SRA. DÁVILA, CUANDO FUE ÉSTA ÚLTIMA QUIEN SE OBLIGÓ A PAGAR DICHA DEUDA CONTRACTUALMENTE EN LA ESCRITURA DE COMPRAVENTA.

**SÉPTIMO ERROR**: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DISPONER SUMARIAMENTE DE LA CONTROVERSIA SIN PRIMERO ADJUDICAR LAS DEFENSAS AFIRMATIVAS LEVANTADAS POR MCT COMO NEGLIGENCIA COMPARADA Y FALTA DE MITIGACIÓN.

Examinado el recurso y la totalidad del expediente, prescindimos de la comparecencia de la parte apelada a tenor con la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, 216 DPR __ (2025), pág. 15.

**II**

**A. Jurisdicción**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024); *Pueblo v. Torres Medina*, 211 DPR 950, 958 (2023); *Cobra Acquisitions v. Mun. de Yabucoa et al.*, 210 DPR 384, 394 (2022). Es principio reiterado que los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. *R&B Power, Inc. v. Junta de Subastas ASG, supra,* pág. 698; *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018).

El Tribunal Supremo ha sido enfático en que la ausencia de jurisdicción es un defecto insubsanable. *Shell v. Srio. Hacienda*, 187 DPR 109, 112, 122-123 (2012). Por ello, en todo caso, es deber del foro primario y apelativo analizar si poseen jurisdicción para atender las controversias presentadas. *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). Así pues, si un tribunal carece de jurisdicción, lo procedente es la

desestimación del caso sin entrar en los méritos de la controversia. *R&B Power, Inc. v. Junta de Subastas ASG, supra,* pág. 698; *Mun. de San Sebastián v. QMC Telecom, supra.*

Por otra parte, la Regla 83(B)(1) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob Enmdas.,* Reglamento TA, 2025 TSPR 141, 216 DPR __ (2025), dispone que el Tribunal de Apelaciones, a petición de parte o *motu proprio,* podrá desestimar un recurso cuando carece de jurisdicción.

## B. Término para presentar recurso de *Apelación* ante el Tribunal de Apelaciones

La Regla 52.2(a) de Procedimiento Civil, 32 LPRA Ap. V, establece que los recursos de apelación al Tribunal de Apelaciones deberán presentarse en el término **jurisdiccional** de treinta (30) días contados desde el archivo en autos de copia de la notificación de la sentencia dictada por el tribunal apelado. *Rivera Marcucci et al. v. Suiza Dairy,* 196 DPR 157, 165 (2016).

Igualmente, la Regla 13 de nuestro Tribunal de Apelaciones, *supra,* dispone que las apelaciones contra las sentencias dictadas en casos civiles por el Tribunal de Primera Instancia se presentarán dentro del término **jurisdiccional** de treinta (30) días contados desde el archivo en autos de una copia de la notificación de la sentencia, a menos que alguna ley especial aplicable disponga un término distinto.

## C. Moción de Reconsideración

En lo pertinente a la controversia que nos ocupa, la Regla 47 de Procedimiento Civil, *supra,* dispone que la parte adversamente afectada por una sentencia emitida por el foro primario podrá presentar una moción de reconsideración. No obstante, este debe presentarlo dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia. Siendo ello así, **la moción de reconsideración presentada oportunamente interrumpirá para todas las**

**partes los términos para recurrir ante el Tribunal de Apelaciones.** *Id.* (Énfasis nuestro). Estos términos comenzarán a correr nuevamente desde la notificación de la resolución del foro primario resolviendo así la moción de reconsideración. *Id.*

Igualmente, la Regla 52.2(e) de Procedimiento Civil, *supra,* establece que el transcurso del término que tienen las partes para apelar se interrumpirá por la oportuna presentación de una moción de reconsideración, el cual comenzará a contar nuevamente desde la notificación de la resolución resolviendo la reconsideración.

### D. Recurso prematuro

Por otro lado, en nuestro ordenamiento procesal, **un recurso prematuro es uno que se ha presentado con relación a una determinación que está pendiente ante la consideración del tribunal apelado, o sea, que aún no ha sido resuelta.** *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015). (Énfasis nuestro). Por tanto, un recurso prematuro carece de eficacia y no produce efectos jurídicos. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008).

Es norma reiterada en nuestro ordenamiento jurídico que un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de falta de jurisdicción. *Yumac Home v. Empresas Massó, supra.* Como tal, su presentación carece de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación el foro apelativo adolece de autoridad judicial para acogerlo. *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007); *Julia et al. v. Epifanio Vidal, SE,* 153 DPR 357, 367 (2001); *Rodríguez v. Zegarra,* 150 DPR 649, 654 (2000); *Pueblo v. Santana Rodríguez,* 148 DPR 400, 402 (1999).

Ahora bien, el desestimar un recurso por ser tardío priva fatalmente a la parte de presentarlo una vez más ante ese mismo foro o ante cualquier otro. Por el contrario, la desestimación de un recurso por prematuro, no le

impide a la parte el volver a presentarlo en el momento correcto. *Yumac Home v. Empresas Massó, supra*; *Rodríguez v. Zegarra, supra,* pág. 654 (2000).

**III**

En el presente caso, la *Sentencia* apelada fue emitida el 20 de abril de 2026 y notificada el 21 de abril de 2026. Posteriormente, el 6 de mayo de 2026, la señora Dávila Hernández presentó oportunamente ante el foro primario una *Segunda Moción Solicitando Reconsideración y/o Relevo de Sentencia* mediante la cual solicitó la reconsideración de la *Sentencia* emitida. Más adelante, el 13 de mayo de 2026, la parte apelada presentó su oposición a dicha solicitud.

No obstante, del expediente ante nuestra consideración no surge resolución o determinación alguna mediante la cual el foro primario haya dispuesto de la referida moción. Aun así, el 14 de mayo de 2026, MCT presentó el recurso de apelación de epígrafe.

Conforme a la Regla 47 de Procedimiento Civil, *supra*, y la Regla 52.2(e) de Procedimiento Civil, *supra,* la presentación oportuna de una moción de reconsideración interrumpe los términos para recurrir ante este Tribunal hasta tanto el foro primario resuelva dicha solicitud. Por ello, al momento en que se presentó el recurso de apelación, el término apelativo aún no había comenzado a decursar nuevamente.

En consecuencia, el recurso presentado resulta prematuro y, por consiguiente, este Tribunal carece de jurisdicción para atenderlo. Procede, por tanto, su desestimación.

**IV**

Por los fundamentos que anteceden, se ***desestima*** el recurso de epígrafe por falta de jurisdicción por resultar prematuro.


Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones